# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **BOBBY PRESLEY**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| **v.** ) | Civil Action Number |
| ) | **4:17-cv-00722-AKK** |
| **SOCIAL SECURITY** ) | |
| **ADMINISTRATION,** ) | |
| **COMMISSIONER**, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Bobby Presley brings this action pursuant to Section 405(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking review of the Administrative Law Judge's denial of disability insurance benefits, which has become the final decision of the Commissioner of the Social Security Administration ("SSA"). For the reasons explained below, the court reverses and remands for further consideration.

### I.  Procedural History

Presley worked as a designer for an engineering firm from 1994 until 2012, when he retired due to chronic back pain. Docs. 6-8 at 6; 11 at 2. He filed an application for disability insurance benefits ("DIB"), and the SSA denied his application on August 19, 2015. Doc. 6-5 at 4. Presley then requested a hearing

before an ALJ, who affirmed the denial on January 19, 2016. Doc. 6-3 at 8-21. The SSA Appeals Council denied his request for review on March 9, 2017. Doc. 6-3 at 2-5. Presley timely filed this petition for review on May 4, 2017. Doc. 1.

## II. Standard of Review

First, federal district courts review the SSA's findings of fact under the "substantial evidence" standard of review. 42 U.S.C. §§ 405(g), 1383(c); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is "reasonable and supported by substantial evidence." *See Martin*, 894 F2d at 1529 (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)). Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (internal citations omitted). If supported by substantial evidence, the court must affirm the Commissioner's factual findings, even if the evidence preponderates against the Commissioner. *Id.*

Credibility determinations are the province of the ALJ. *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005). However, "[t]he testimony of a treating physician must ordinarily be given substantial or considerable weight unless good

2

cause is shown to the contrary," and the failure of the Secretary "to specify what weight is given to a treating physician's opinion and any reason for giving it no weight" constitutes reversible error. *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986). Courts have found good cause to discount a treating physician's report when it is "not accompanied by objective medical evidence, . . . wholly conclusory," or "inconsistent with [the physician's] own medical records." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991). In contrast to the opinion of a treating physician, "the opinion of a nonexamining physician is entitled to little weight if it is contrary to the opinion of the claimant's treating physician." *Broughton v. Heckler*, 776 F.2d 960, 962 (11th Cir. 1985).

Second, federal courts review the SSA's conclusions of law de novo, *see Bridges v. Bowen,* 815 F.2d 622, 624 (11th Cir.1987), and "[f]ailure to apply the correct legal standards is grounds not for remand but, for reversal." *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988). No presumption attaches to either the ALJ's choice of legal standard or to the ALJ's application of the correct legal standard to the facts. *Id.*

Finally, reviewing courts have the power "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision

of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (emphasis added).

### III. Statutory and Regulatory Framework

An individual applying for DIB bears the burden of proving that she is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). To qualify, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i)(I)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five step analysis. 20 C.F.R. § 404.1520(a)-(f). Specifically, the Commissioner must determine, in sequence:

> (1) whether the claimant is doing substantial gainful activity;
> (2) whether the claimant has a severe impairment;
> (3) whether the impairment meets or is medically equivalent to one listed by the Secretary;

> (4) whether the claimant is unable to perform his or her past work; and
> (5) whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id*. at 1030 (citing 20 C.F.R. § 416.920(a)-(f)). "Once a finding is made that a claimant cannot return to prior work, the burden shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

Lastly, where, as here, a plaintiff alleges disability because of pain, she must meet additional criteria. This standard, called the "*Hand* standard,"[1] requires "evidence of an underlying medical condition," and either "objective medical evidence that confirms the severity of the alleged pain arising from that condition" or evidence that the "objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Holt v. Barnhart*, 921 F.2d 1221, 1223 (11th Cir. 1991). However, medical evidence of pain itself, or of its intensity, is not required. *Elam v. R.R. Ret. Bd.*, 921 F.2d 1210, 1215 (11th Cir. 1991). Moreover, "[a] claimant's subjective testimony supported

---

[1] *See Hand v. Heckler*, 761 F.2d 1545, 1548 (11th Cir. 1985).

by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." *Holt*, 921 F.2d at 1223. Therefore, if a claimant testifies to disabling pain and satisfies the three part pain standard, the ALJ must find a disability unless the ALJ properly discredits the claimant's testimony. *Id.* If, however, the ALJ either fails to articulate reasons for refusing to credit the plaintiff's pain testimony or articulates reasons that are not supported by substantial evidence, the court must accept the plaintiff's pain testimony as true. *Hale v. Bowen*, 831 F.2d 1007, 1012 (11th Cir. 1987).

## IV. Analysis

In applying the five-step analysis, the ALJ determined that Presley "has not engaged in substantial gainful activity since September 30, 2012" and that Presley "has the following severe impairments: osteoarthritis and allied disorders and spine disorders." Doc. 6-3 at 13 (citing 20 CFR 404.1520(c)). At the third step, however, the ALJ concluded that these impairments did not "meet[] or medically equal[] the severity" of one of the impairments listed by the Secretary. *Id.* at 16. Specifically, the ALJ found that

> Listing 1.02 for *Major dysfunction of a joint(s)* is not met because the evidence of record does not document involvement of one major peripheral weight-bearing joint resulting in inability to ambulate effectively, or involvement of one major peripheral joint in each upper extremity resulting in inability to perform fine and gross movement effectively. Listing 1.04 for *Disorders of the spine* is not met because

> there is no evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and positive straight leg raising test (sitting and supine); spinal arachnoiditis; or, lumbar spinal stenosis.

*Id*. Beyond a bare recitation of the potentially applicable listings, however, the ALJ failed to explain *why* Presley's impairment did not meet these criteria. "Failure to apply the correct legal standards or to provide the reviewing court with the sufficient basis to determine that the correct legal principles have been followed is grounds for reversal." *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982). Accordingly, the Secretary's decision is due to be reversed.

In addition, the ALJ committed reversible error by discounting the opinion of Presley's treating physician without adequate explanation. The ALJ gave "little weight" to Dr. Scott Martin's medical source statement because, "although Dr. Martin is a treating source, his opinion is not consistent with his own records of treatment . . . and not consistent with the record as a whole." Doc. 6-3 at 20. The ALJ's "conclusory statement is not sufficient" because it fails to explain *why* Dr. Martin's opinion is inconsistent with his own records or the record as a whole. *Elam*, 921 F.2d at 1216. The failure to explain his reasoning deprives this court of the ability to adequately review the decision and thus constitutes reversible error. *Id.*; *see also Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) ("[T]he ALJ's

7

discretionary power to determine the credibility of testimony is limited by his obligation to place on the record explicit and adequate reasons for rejecting that testimony."). Therefore, because a treating physician's opinion is entitled to considerable weight unless the ALJ articulates good cause otherwise, *see MacGregor*, 786 F.2d at 1053, remand is warranted here to allow the ALJ to articulate good cause. *Elam*, 921 F.2d at 1216.

Finally, the ALJ's decision "contains no indication that he applied [the *Hand* pain] standard . . . as is required by law." *Holt*, 921 F.2d at 1223. Moreover, the ALJ committed a separate error by discrediting Presley's pain testimony, in part, because "he testified that he is currently taking no medication because he ran out of money to see a doctor" and "has not sought free or subsidized medical assistance." Doc. 6-3 at 18. A claimant's subjective complaints should not be discredited for lack of treatment where, as here, the record establishes that he could not afford it. *See Dawkins v. Bowen*, 848 F.2d 1211, 1214 (11th Cir. 1988) (holding that "poverty excuses noncompliance"); *see also Soc. Sec. Ruling 16-3p Titles II & XVI: Evaluation of Symptoms in Disability Claims*, SSR 16-3P (S.S.A. Oct. 25, 2017) ("When we consider the individual's treatment history, we may consider [that a]n individual may not be able to afford treatment and may not have access to free or low-cost medical services.").

To the extent the ALJ wishes to base a credibility determination on whether Presley sought alternative sources of care, the ALJ bears the responsibility of developing the record on whether such services existed. *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1268 (11th Cir. 2015) (holding that the ALJ's decision was "not supported by substantial evidence because the record is underdeveloped with respect to . . . whether financial status prevented Henry from receiving alternate treatment for his back pain"); *see also Funderburk v. Astrue*, No. 2:10CV852-CSC, 2012 WL 904682, at *8 (M.D. Ala. Mar. 15, 2012) ("[T]he ALJ did not develop the record as to whether [community medical care for the indigent] existed and were available to Funderburk"). Accordingly, the ALJ's failure to apply the pain standard, along with his inappropriate consideration of Presley's lack of efforts to seek free or subsidized care, are grounds for reversal. *See Holt*, 921 F.2d at 1223; *Dawkins*, 848 F.2d at 1214.

## **CONCLUSION**

Based on the foregoing, the court concludes that the ALJ failed to adequately explain his findings with respect to the Listings criteria, provided only conclusory reasons for his decision to give Presley's treating physician's opinion little weight, and disregarded and/or misapplied the pain standard. Accordingly,

the Secretary's decision is due to be reversed and remanded for reconsideration. A separate order will be entered.

**DONE** the 17th day of January, 2018.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE